1  IKE ELIAS
   P.O. Box 19694
2  Las Vegas, Nevada 89132
   Telephone (702) 524-2098
3  Plaintiff In Proper Person

**ORIGINAL**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| IKE ELIAS, | ) CASE NO.: |
| Plaintiff, | ) |
| vs. | ) CIVIL RIGHTS COMPLAINT |
| | ) PURSUANT TO 42 U.S.C. § 1983 |
| WYNN LAS VEGAS, LLC, a Nevada | ) DISCRIMINATION BASED ON |
| Limited Liability Company, | ) AMERICANS WITH DISABILITIES ACT |
| | ) OF 1990 as Amended |
| & DOES & ROES I Through XX, inclusive, | ) |
| | ) JURY DEMAND |
| Defendants. | ) |

COMES NOW, IKE ELIAS, Plaintiff in Proper Person, and for his causes of action, Complains as to each Defendant and alleges as follows:

### I. JURISDICTIONAL ALLEGATIONS

1.  Defendant, WYNN LAS VEGAS, LLC(hereinafter designated as COMPANY), is a Nevada based Limited Liability Company that provides transportation services in the State of Nevada, in the County of Clark, and is an employer who regularly employs fifteen or more persons. Each act complained of occurred within this jurisdiction and therefore, jurisdiction is proper before this Court.

2.  At all times herein mentioned, Plaintiff, IKE ELIAS, (hereinafter designated as MR. ELIAS), is informed and believes that DOES and ROES I through XX are fictitious names, that Plaintiff is ignorant of the true names of the individuals, corporations, co-partnership and association so designated by these fictitious names, and when the true names are discovered, Plaintiff will seek leave of Court to amend this Complaint and proceedings herein to substitute the true names of said Defendants.  Plaintiff believes that each of the Defendants designated herein as a DOE and ROE is responsible in

1

some manner for the events herein referred to and negligently, carelessly, recklessly and in a manner that is willful, caused damages proximately thereby to Plaintiff as herein alleged.

3. That Plaintiff, MR. ELIAS, is an African American male and is a resident of Clark County, State of Nevada.

4. Plaintiff was hired on or about March 1, 2015 as a Driver/Janitor by Defendant, COMPANY, at their Clark County, Nevada facility.

5. Plaintiff is informed and believes, and thereupon alleges that, at all times relevant herein, each of the Defendants was the agent, employee and/or joint venture of, or working in concert with his/her co-Defendants, and was acting within the scope of such agency, employment and/or joint venture or concerted activity.

6. On or about April 19, 2019, Plaintiff lodged a Complaint for Discrimination with the Nevada Equal Rights Commission (NERC) for improper and discriminatory treatment based upon his National Origin (Non-Hispanic) and his race (African American) which included unequal wages and other discriminatory treatment made to Plaintiff by upper management personnel.

7. Plaintiff filed a Complaint with the U.S. Equal Employment Opportunity Commission on July 9, 2019, alleging Discrimination based upon Plaintiff's race and Retaliation against Defendant for actions taking place after filing his Complaint for Discrimination with the NERC. Plaintiff received a Right To Sue letter on or about January 6, 2022, allowing Plaintiff to sue these Defendants in this Court. (Exh. "A")'

8. Plaintiff alleges that the foregoing treatment by Defendants is in violation of Title VII, Civil Rights Act of 1964 and 1991, as amended; Title VII, as amended; Nevada Revised Statutes Chapter 613.310 through 613.435 inclusive and further and alternative Federal and State statutes that may have been violated by Defendants' outrageous discriminatory and retaliatory conduct.

9. This Court is the proper Court of Jurisdiction.

2

## II GENERAL ALLEGATIONS

10. That Plaintiff, IKE ELIAS, who is an African American male, was hired as an Encore Security Officer by WYNN LAS VEGAS, LLC on or about August 15, 2021. On or about September 16, 2021, Plaintiff sustained serious injuries as a result of a motor vehicle accident. This information was immediately made known to Defendant.

11. That despite formal notice that my injuries, although serious, only temporarily precluded Plaintiff from performing his assigned duties, my employer, the Defendant named herein, immediately placed Plaintiff on "unpaid" leave for a period of three (3) weeks, or until Plaintiff received medical clearance, without a formal discussion or explanation.

12. That on or about October 1, 2021 just two (2) weeks following the reference vehicle accident causing his injuries, Plaintiff was terminated and escorted out of his place of employment without being provided any reason whatsoever.

13. That Plaintiff contacted Human Resources of the Company and received no sufficient explanation for his termination.

14. Plaintiff then filed a Complaint with the EEOC based upon the assertion that he was wrongfully terminated in violation of the AMERICANS WITH DISABILITIES ACT of 1990 (ADA) as Amended, as a direct result of the disabilities sustained from the referenced car accident. Plaintiff received a Right to Sue Letter from the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION on or about September 25, 2023. (See attached NOTICE as Exhibit "A").

15. The events surrounding the conduct of the Defendants towards this employee should be enough to warrant a finding of the Defendants' inappropriate actions toward this Plaintiff. Defendant's response stated:

*"In response to the allegations made by Mr. Ike Elias....in his charge, WLV categorically denies that it engaged in any discriminatory conduct toward him on the basis of his alleged disability. On the contrary, WLV is committed to a policy of*

3

*equal employment for all employees, regardless of age, sex, race, religion, national origin, disability, or any other protected status or activity."*

16. Contrary to the assertion by WYNN LAS VEGAS, LLC, that they are committed to a policy of equal employment for all employees, regardless of age, sex, race, religion, national origin, disability, or any other protected status or activity, a review of the recent findings involving the conduct of the CEO of WYNN LAS VEGAS, LLC towards its employees, demonstrates the exact opposite of this statement.

17. It is common knowledge the employees of the Respondent named herein, have had their rights of equal employment violated repeatedly by the Company. This Complainant is one of the many such employees whose right has been violated based upon his physical condition.

18. As stated in his Charge of Discrimination, Plaintiff was hired as an Encore Security Officer by WYNN LAS VEGAS, LLC on or about August 15, 2021. On or about September 16, 2021, he sustained serious injuries as a result of a motor vehicle accident while away from work. This information was immediately made known to Respondent. Despite formal notice that his injuries temporarily precluded me from performing my assigned duties, the only action taken by his employer was to place me on "unpaid" leave for a period of three (3) weeks, or until Plaintiff received medical clearance, without a formal discussion or explanation.

19. As I indicated in his Complaint, the actions of his employer make it clear that Plaintiff was discriminated against due to his temporary disability in violation of the Americans With Disabilities Act of 1990, as amended.

20. The Defendants' Position Statement simply and predicably stated : *"Having examined the Charging Party's allegations, WLV respectfully submits that they lack merit as there is no evidence that the Americans with Disabilities Act of 1990, as amended ("ADA") was violated.:*

4

21. The Defendants did not provide any basis for their *boilerplate* statement whereas this Plaintiff provided the details that provides a reasonable conclusion that the primary basis for his termination was his limitations due to injuries sustained in an accident.

### III. FIRST CLAIM FOR RELIEF
### EMPLOYMENT DISCRIMINATION BASED ON DISABILITY

22. Plaintiff incorporates and re alleges paragraphs 1 through 21, as though fully set forth herein.

23. As stated herein, Plaintiff, IKE ELIAS, who is an African American male, was hired as an Encore Security Officer by WYNN LAS VEGAS, LLC on or about August 15, 2021. On or about September 16, 2021, Plaintiff sustained serious injuries as a result of a motor vehicle accident. This information was immediately made known to Defendant.

24. Following notification of the injuries sustained by the Plaintiff, Defendant named herein, immediately placed Plaintiff on "unpaid" leave for a period of three (3) weeks.

25. About two weeks later, Plaintiff informed Defendants that he had sufficiently recovered from the injuries he had sustained and was now able to resume the duties he was hired to perform. However, when Plaintiff returned to his place of employment and completed his required class to resume his duties, he immediately was told that he was being terminated. Defendants did not provide any explanation as to why he was being terminated, but instead was simply escorted out of his place of employment.

26. Plaintiff then filed a Complaint with the EEOC based upon the assertion that he was wrongfully terminated in violation of the AMERICANS WITH DISABILITIES ACT of 1990 (ADA) as Amended, as a direct result of the disabilities sustained from the referenced car accident.

5

27. Prior to being terminated, Plaintiff provided his employer with his doctor's findings indicating the Plaintiff "Plaintiff's limitations from impairment no longer were severe or significant" confirming that Plaintiff's impairments were no longer to be considered substantially limiting in performing his duties. The only major life activity affecting the Plaintiff was the pace at which Plaintiff was able to walk.

28. No remedial action or investigation took place regarding Plaintiff's ability to perform his assigned duties.

29. Contrary to the assertion by WYNN LAS VEGAS, LLC, in their response to the EEOC Complaint filed by the Plaintiff, their assertion that they are committed to a policy of equal employment for all employees, regardless of age, sex, race, religion, national origin, *disability*, or any other protected status or activity, a review of the recent findings involving the conduct of the CEO of WYNN LAS VEGAS, LLC towards other employees, demonstrates the exact opposite of this statement.

30. Former employees of the Defendant who's names will be provided during Discovery, have had their rights of equal employment violated repeatedly by the Company. This Plaintiff is one of many such employees whose protective rights have been violated based upon his physical condition.

31. As clearly indicated in Plaintiff's Complaint, the actions of his employer make it clear that he was discriminated against due to his temporary disability in violation of the Americans With Disabilities Act of 1990, as amended.

32. As a result of Defendants' unlawful acts, Plaintiff has suffered general and special damages in excess of Twenty Five Thousand Dollars ($199,000) as well as a loss of dignity and respect among his co-workers, which are to be more specifically described and proven at time of trial.

   **WHEREFORE,** Plaintiff prays for judgement against Defendants, and each of them, as follows:

   1. For General and Special Damages, jointly and severally, in a sum in excess of One Hundred Ninety Nine Thousand ($199,000), the exact amount of which is to be proven at time of Trial;

   2. For Emotional Distress Damages, jointly and severally, in an amount that the Court deems appropriate.

   3. For an Order for Defendant to remove any and all derogatory remarks from his work performance records and which are determined to be inappropriate and based upon his Disability, etc., rather than his performance.

   4. For such other and further relief as the Court may deem just and proper in the premises.

   DATED this 14 day of December, 2023.

   *[signature]*
   IKE ELIAS
   P.O. Box 19694
   Las Vegas, Nevada 89132
   Telephone (702) 524-2098
   Plaintiff In Proper Person

## VERIFICATION

STATE OF NEVADA   )
                 )ss.
COUNTY OF CLARK  )

IKE ELIAS, under penalty of perjury, being first duly sworn, deposes and says:

That he is the Plaintiff in the above-entitled action; that he has read the foregoing COMPLAINT, and knows the contents thereof; that the same is true of his own personal knowledge, except for those matters therein contained stated upon information and belief, and as to those matters, he believes them to be true.

DATED this 14 day of December, 2023.

_____
IKE ELIAS, Plaintiff

SUBSCRIBED and SWORN to before me this 14 day of December, 2023.

_____
NOTARY PUBLIC

BONNIE SAMUELS
Notary Public, State of Nevada
Appointment No. 07-3603-1
My Appt. Expires Jun 1, 2027

## ACKNOWLEDGMENT

STATE OF NEVADA   )
                 )ss.
COUNTY OF CLARK  )

On this 14 day of December, 2023, before me, the undersigned Notary Public in and for said County and State, personally appeared IKE ELIAS known to me to be the person described in and who executed the foregoing COMPLAINT, and who acknowledged to me he did so freely and voluntarily and for the uses and purposes therein mentioned.

SUBSCRIBED AND SWORN to before me this 14 day of December, 2023.

_____
NOTARY PUBLIC

BONNIE SAMUELS
Notary Public, State of Nevada
Appointment No. 07-3603-1
My Appt. Expires Jun 1, 2027

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Los Angeles District Office
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/25/2023

**To:** Ike Elias
P.O. Box 19692
Las Vegas, NV 89132
Charge No: 487-2022-00895

EEOC Representative and email:  KARRIE MAEDA
State, Local & Tribal Program Manager
karrie.maeda@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

On behalf of the Commission,

Digitally Signed By: Christine Park-Gonzalez
09/25/2023

Christine Park-Gonzalez
District Director