UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| IKE ELIAS,<br><br>            Plaintiff,<br>  v.<br><br>WYNN LAS VEGAS, LLC, a Nevada Limited Liability Company, & Does & Roes I through XX, inclusive,<br><br>            Defendants. | Case No. 2:23-cv-02111-ART-BNW<br><br>ORDER |
|---|---|

Plaintiff Ike Elias brings this action against Defendant Wynn Las Vegas, LLC, and Does & Roes I through XX, inclusive, alleging violations of his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Plaintiff alleges in his complaint (ECF No. 2.) that he was terminated by Defendant because of a disability in violation of the ADA. Before the Court is Defendant's motion to dismiss (ECF No. 10.), filed on January 1, 2024. Plaintiff submitted a response on February 1, 2024 (ECF No. 19.) Defendant filed a motion for extension of time to file a reply on February 8, 2024 (ECF No. 22) and submitted their reply on February 13, 2024 (ECF No. 23.)

For the reasons identified below, the Court grants Defendant's motion to extend time (ECF No. 22), and grants in part and denies in part Defendant's motion to dismiss (ECF No. 10.)

**I.     Inadvertent Allegations in Plaintiff's Complaint**

Defendant's motion to dismiss noted that the complaint filed by Plaintiff appeared to include factual allegations of discrimination against a different employer in a different case filed by Plaintiff, unrelated to the present claim (ECF No. 10 at 2.) Plaintiff stated in his response that page 2 of his complaint

"inadvertently included certain details of the same entitled section of a very similar case," and that "Given the opportunity, this Plaintiff will correct this inadvertent mistake which will not alter the essential facts." (ECF No. 19 at 6.) The Court understands this to mean that Plaintiff was not intending to include the allegations on page 2 of his complaint, as they do not pertain to this case, and the Court will thus not consider them in deciding this motion.

## II. FACTS

Plaintiff's allegations are as follows: Plaintiff was hired as a security officer by Wynn Las Vegas, LLC on or about August 25, 2021. (ECF No. 2 at 3.) On or about September 16, he sustained serious injuries in a motor vehicle accident. (*Id.*) This information was immediately made known to Defendant, as well as "formal notice that my injuries, although serious, only temporarily precluded Plaintiff from performing his assigned duties." (*Id.*) Plaintiff was placed on unpaid leave for three weeks, or until he could receive medical clearance. (*Id.*) Prior to his termination, Plaintiff told Defendant that he was able to resume his duties and provided Defendant with his doctor's findings that "Plaintiff's limitations from impairment no longer were severe or significant." (*Id.* at 5, 6.) At that time, the only major life activity affecting Plaintiff was the pace at which he was able to walk. (*Id.* at 6.) On or about October 1, 2021, Plaintiff's employment was terminated by Defendant. (*Id.* at 3.) Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), asserting that his termination was in violation of the ADA and received a Right to Sue Letter on or about September 25, 2023. (*Id.*)

## III. ANALYSIS

### A. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Under this standard, a district court must accept as true all well-pleaded factual allegations in the complaint and determine whether those factual allegations state a plausible claim for relief. *Id.* at 678-79.

**B. Motion to Dismiss**

To set forth a disability discrimination claim, a plaintiff must establish that: (1) he is disabled within the meaning of the ADA; (2) he is a qualified individual (i.e., able to perform the essential functions of the job with or without reasonable accommodation); and (3) the employer terminated him because of his disability. *Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 433 (9th Cir. 2018). Defendant argues that Plaintiff has failed to meet all three of these pleading requirements, which are addressed in turn.

**1. Disability**

Defendant's motion to dismiss argues that Plaintiff has failed to adequately plead that he is an individual with a disability, as defined by the ADA. (ECF No. 10 at 4-5.) The ADA, as amended by the ADA Amendments Act of 2008 (ADAAA), defines "disability" as:

(A) A physical or mental impairment that substantially limits one or more major life activities;

(B) A record of such an impairment; or

(C) Being regarded as having such an impairment.

1   42 U.S.C § 12102(1). It is unclear from the pleadings whether Plaintiff asserts
2   that he was fired because he was *in fact disabled* under the ADA's definition, or
3   that he was fired because while he was not actually disabled, he was *regarded as*
4   being disabled. That is to say, it is unclear whether Plaintiff intends to proceed
5   under an argument under 42 U.S.C § 12102(1)(A) (arguing that he *actually has*
6   an impairment), or under 42 U.S.C § 12102(1)(C) (arguing that he was *regarded*
7   *as* having such an impairment).

8        A plaintiff alleging that he is in fact disabled under subsection (A) must set
9   forth sufficient facts to show that (1) he has a physical or mental impairment, (2)
10  the impairment substantially limits, (3) one or more major life activities. 42 U.S.C.
11  § 12102(1)(A). Defendant is correct that Plaintiff has not pleaded sufficient facts
12  in his complaint to meet this standard, as he has not identified a specific physical
13  or mental impairment and how it substantially limits a major life activity. *See*
14  *McCarthy v. Brennan*, 2016 WL 946099, at *9 (N.D. Cal. Mar. 14, 2016) (citing
15  *McKenna v. Permanente Med. Grp., Inc.*, 894 F. Supp. 2d 1258, 1278 (E.D. Cal.
16  22012) (plaintiff failed to state a claim under state disability law where the alleged
17  disability was vague and not precisely identified)).

18       However, if proceeding under subsection (C), a plaintiff must only allege
19  that his employer regarded him as having an impairment. Under subsection (C),
20  a plaintiff need not plead or prove that he actually has an impairment which
21  substantially limits a major life activity. Rather, a plaintiff only must establish
22  that he was subjected to an adverse employment action because of a perceived
23  impairment, regardless of whether it limits or is perceived to limit a major life
24  activity. 42 U.S.C § 12102(3)(A). Plaintiff has met these pleading requirements.
25  Plaintiff has alleged that he was fired after his employer became aware that he
26  sustained serious injuries in a car accident, which at least briefly prevented him
27  from performing his duties and reduced the pace at which he was able to walk
28  (ECF No. 2 at 3, 5-6.) Plaintiff asserts that he was fired despite notifying his

4

employer that had recovered sufficiently from his injuries to perform his job duties. (*Id.* at 5.) *See Dacier v. Anchor Medical Associates*, 322 F.Supp.3d 295, 298 (D.R.I. 2018) (plaintiff sufficiently stated "regarded as" claim for disability discrimination where she was terminated after her employer became aware that she sustained severe injuries and required medical treatment.)

The Court construes *pro se* pleadings liberally on a defendant's motion to dismiss for failure to state a claim. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Accordingly, the Court will construe Plaintiff's complaint to allege that he was terminated for being *regarded as* having a disability under 42 U.S.C. § 12102(1)(C). Under this theory, Plaintiff has met the pleading requirements.

If Plaintiff intended to allege that he was terminated because *has or had disability* under 42 U.S.C. § 12102(1)(A), the Court grants him leave to amend his complaint to include sufficient factual allegations demonstrating that he is or was actually disabled under the ADA. To do this, Plaintiff needs to allege sufficient facts in his amended complaint to show that (1) he has a physical or mental impairment, (2) the impairment substantially limits, (3) one or more major life activities. *See* 42 U.S.C. § 12102(1)(A).

**2. Qualified Individual**

Under the ADA, a "qualified individual," is an individual who: (1) satisfies the requisite skill, experience, education and other job-related requirements of the position; and (2) can perform the essential functions of the employment position with or without an accommodation. 42 U.S.C. § 12111(8).

Defendant's motion to dismiss argues that Plaintiff has failed to adequately plead that he is a qualified individual as defined by the ADA. (ECF No. 10 at 6.) Plaintiff's complaint alleges that at the time he attempted to return to work, he notified Defendant that he was "now able to resume the duties that he was hired to perform," and that "no remedial action or investigation took place regarding Plaintiff's ability to perform his assigned duties." (ECF No. 2 at 5.) This is

5

sufficient to allege that Plaintiff was able to perform the essential functions of the job, making him a qualified individual under the ADA.

### 3. Causation

A plaintiff bringing a claim under the ADA must demonstrate that the adverse action would not have occurred "but for" the plaintiff's disability. *Murray v. Mayo Clinic*, 934 F.3d 1011, 1105 (9th Cir. 2019) (citing *Gross v. FBL Fin. Servs.*, Inc., 557 U.S. 167, 177-178 (2009)). A plaintiff need not have direct evidence to establish "but for" causation, and causation may be inferred from timing alone where an employee is terminated shortly after his employer discovers that he is disabled. *See O'Brien v. R.C. Willey Home Furnishings*, 748 Fed. Appx. 721, 723 (9th Cir. 2018); *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1094 (9th Cir. 2008).

Defendant's motion to dismiss argues that Plaintiff has failed to adequately plead that that the adverse action taken against him was "because of" his disability. (ECF No. 10 at 6-7.) Plaintiff has alleged that he was fired when he attempted to return to work, approximately two weeks after defendant became aware of his serious injuries. (ECF No. 2 at 3.) Construing the facts alleged in the light most favorable to the Plaintiff, he has pleaded sufficient facts to give rise to an inference of causation. Factual disputes regarding why Plaintiff was fired may be addressed at the summary judgment stage.

### IV.    Defendant's Motion for Extension of Time

On February 8, 2024, Defendant filed a motion for extension of time until February 13, 2024 (ECF No. 22.) to file a reply in support of their motion to dismiss. Finding good cause, the court hereby GRANTS Defendant's motion for extension of time (ECF No. 22.)

//
//
//

6

### V. Conclusion

Plaintiff has sufficiently alleged that he 1) is regarded as being disabled, 2) is a qualified individual, and 3) was terminated because of his disability. Thus, Plaintiff meets the pleading requirements for his claim under the regarded as prong, 42 U.S.C § 12102(1)(C). Plaintiff, however, has not sufficiently alleged that he is actually disabled, and thus does not meet the pleading requirements if he intended to proceed on a claim under 42 U.S.C § 12102(1)(A).

Accordingly, Defendant's motion to dismiss is granted as to Plaintiff's claim that he is actually disabled, and denied as to Plaintiff's claim that he was regarded as disabled. As noted above, Plaintiff may seek to amend his complaint if he intends to pursue his ADA claim on a theory that he is actually disabled under 42 U.S.C. § 12102(1)(A) of the ADA. Plaintiff must file his amended complaint by October 1, 2024.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 10) is GRANTED in part and DENIED in part.

It is also ordered that Defendant's motion to extend time (ECF No. 22) is GRANTED.

Dated this 30th day of August 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

7