UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IKE ELIAS,<br><br>           Plaintiff,<br><br>     v.<br><br>WYNN LAS VEGAS, LLC,<br><br>           Defendant. | Case No. 2:23-cv-02111-ART-BNW<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Compel. ECF No. 52. Defendant opposed and moved for attorneys' fees it incurred in opposing the Motion. ECF No. 58. Plaintiff replied. ECF No. 61. Because Defendant claimed in its Opposition that it was never served with the discovery requests to which Plaintiff moved to compel responses and that Plaintiff made no effort to meet and confer, *id.* at 1–4, the Court issued an Order to Show Cause. ECF No. 63. Plaintiff then filed a Show Cause Response. ECF No. 64.

In its Order, the Court directed Plaintiff to provide proof of (1) service of the discovery requests on Defendant, and (2) his meet-and-confer efforts with Defendant. ECF No. 63. In his Response, Plaintiff submitted that he served Defendant with a copy of his ***Motion to Compel*** and attached proof of the same. ECF No. 64 at 1–12. He also attached an email in which he conferred with opposing counsel regarding the scheduling of a deposition. *Id.* at 13–14. Given Plaintiff's Response, the Court deems the Order to Show Cause satisfied. However, the Court takes this opportunity to provide Plaintiff with a final warning regarding the procedures governing discovery motions.

**A.     Discovery Motions**

*Before* filing a discovery motion, Plaintiff must make a good faith effort to meet and confer with opposing counsel. LR 26-6(c). He also must attach a declaration that sets forth the details and results of the meet-and-confer efforts to the discovery motion. *Id.*; LR IA 1-3(f)(2). "To 'meet and confer' means to communicate directly and discuss in good faith the issues" that the discovery

motion will raise. LR IA 1-3(f). This means that Plaintiff must, in good faith, attempt to resolve each and every individual discovery issue with opposing counsel before filing a discovery motion. With each new motion he files, he must hold a *new* meet and confer with opposing counsel beforehand. Thus, his email to opposing counsel in which he discussed scheduling a deposition—an issue wholly unrelated to his Motion to Compel—does not count as a meet and confer. Neither does Plaintiff's participation in the Court's hearing regarding the Scheduling Order. Plaintiff needed to hold an *additional* meet and confer with opposing counsel to discuss the issues raised by his Motion to Compel and attach a declaration describing their meeting and its results to the Motion.

Additionally, the meet-and-confer requirement "may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications *does not satisfy this requirement*. LR IA 1-3(f)(1) (emphasis added). Emails do not count as a meet and confer. Failure to abide by the meet-and-confer requirements may result in the discovery motion being denied or Plaintiff being sanctioned by the Court. LR IA 1-3(f)(3)–(4).

To bring a motion to compel a discovery response under Federal Rule of Civil Procedure 37(a)(3)(B), Plaintiff *must first serve Defendant with discovery requests* under Rule 33 (interrogatories), Rule 34 (requests for production), or Rule 36 (requests for admission). Defendant then will serve Plaintiff with its responses to his discovery requests. Only then, *upon receipt of Defendant's responses*, may Plaintiff file a motion to compel *if* Defendant fails to answer or produce a document in response to a discovery request. FED. R. CIV. P. 37(a)(1)(3)(B)(i)–(iv); FED. R. CIV. P. 36(a)(6). Plaintiff is again reminded that he must meet and confer with opposing counsel regarding the discovery issues before filing a motion to compel.

Because Plaintiff did not (1) serve Defendant with discovery requests, (2) allow Defendant to respond to his discovery requests, and (3) satisfy the meet-and-confer requirements, the Court denies his Motion. The Court also points out that his Motion failed to set forth in full the text of each discovery request and Defendant's response to it as required by the Local Rules. *See* LR 26-

6(b). Failure to this requirement—along with any other applicable requirements—in the future may result in denial of the motion, sanctions, or both.

### B. Attorneys' Fees

Because the Court denies Plaintiff's Motion, it *must*, after giving Plaintiff an opportunity to be heard, require Plaintiff to pay Defendant's reasonable expenses incurred in opposing the motion unless the motion was substantially justified or other circumstances make an award of expenses unjust. FED. R. CIV. P. 37(a)(5)(B). Here, Plaintiff had an opportunity to respond in his Reply, in which he stated that the Motion was not frivolous and that he did not act in bad faith. ECF No. 61 at 4. But Plaintiff's Motion is not "substantially justified," because that means that "the parties had a genuine dispute on matters on which reasonable people could differ as to the appropriate outcome." *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 609 (D. Nev. 2016). There was no "genuine dispute" here because Defendant was never served with Plaintiff's discovery requests, nor did it have an opportunity to respond.

However, because the Court finds that other circumstances make an award of expenses unjust, it declines to award attorneys' fees *at this time*. Though the absence of bad faith is not a consideration specifically contemplated by Rule 37(a)(5)(B), the Court notes that Plaintiff appears to have filed his Motion based on a misunderstanding of the discovery process. As a result, the Court provides Plaintiff with this ***final*** warning.

The Court reminds Plaintiff that he "is expected to abide by the rules of the court in which he litigates." *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir.1986). His status as a pro se litigant does not absolve him of the responsibility to comply with applicable rules. *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007). Nor does his pro se status protect him from sanctions or attorneys' fees as a result of disobeying discovery rules. *See, e.g.*, *Garity v. Donahoe*, No. 2:11-cv-01805-MMD, 2014 WL 1168913, at *6 (D. Nev. Mar. 21, 2014); *Barren v. Robinson*, No. 2:11-cv-00650-RLH-CWH, 2014 WL 12623012, at *1 (D. Nev. Apr. 24, 2014). Moving forward, Plaintiff must consult the Federal Rules of Civil Procedure, the District of Nevada Local Rules, and any other applicable rules, procedures, or case law before filing a motion. Further violations of rules,

procedures, and court orders may result in sanctions.

I.      CONCLUSION

**IT IS THEREFORE ORDERED** that the Court's Order to Show Cause (ECF No. 63) is deemed satisfied by Plaintiff's Show Cause Response (ECF No. 64).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (ECF No. 52) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Countermotion for Fees (ECF No. 58) is **DENIED**.

DATED this 11th day of February 2025.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

4