UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Ike Elias,<br><br>                Plaintiff,<br><br>     v.<br><br>Wynn Las Vegas, LLC, et al.<br><br>                Defendants. | Case No. 2:23-cv-02111-ART-BNW<br><br>**ORDER** |

Before the Court are Plaintiff's Motions for the Court to Invite the Equal Employment Opportunity Commission (EEOC), the National Labor Relations Board (NLRB), and a Labor Union to File an Amicus Brief in Support of Plaintiff. ECF Nos. 39, 42, 53. Defendant Wynn Las Vegas responded at ECF Nos. 48 and 57, and Plaintiff replied at ECF Nos. 51 and 60. For the reasons discussed below, the Court denies Plaintiff's motions.

**BACKGROUND**

Plaintiff Ike Elias submitted a series of motions asking the Court to invite amicus curiae briefs from several labor agencies and organizations. Plaintiff makes these requests under Federal Rule of Appellate Procedure (FRAP) Rule 29. ECF Nos. 39, 42, 53.

Plaintiff asserts that a brief from the EEOC, the NLRB, and a labor union would aid the Court in several ways. He explains these third parties can help interpret laws at issue in this case and provide guidance on public interest implications (and the broader impact his case may have). In addition, he asserts these third parties have knowledge and expertise he lacks, given he is not trained in this complex area of law. ECF No. 39.

Defendant responds that the applicable legal standard to Plaintiff's requests is Federal Rule of Civil Procedure 24, regarding a third party's ability to intervene by right or permission of the court. ECF Nos. 48, 57. Defendant asserts that none of the third parties mentioned by Plaintiff have satisfied the test for intervention by right or permission. *Id*. Lastly, it argues amicus curiae

briefs are not necessary here as Plaintiff's case will not have ramifications beyond the parties involved. ECF No. 57.

Plaintiff's reply reasserts many of the previous arguments and maintains Defendant will not be prejudiced by the submission of such briefs. ECF Nos. 51, 60.

**DISCUSSION**

**A. Standard**

Plaintiff is not seeking intervention by the EEOC, the NLRB, or a labor union. Thus, the Court will not undergo a FRCP 24 analysis. Neither the Federal Rules of Civil Procedure nor the local rules of this Court cover amicus curiae procedures. However, district courts in this Circuit have looked to FRAP 29 for guidance in considering amici requests. *See*, *e.g*., *Earth Island Inst. v. Nash*, No. 1:19-cv-01420-DAD-SAB, 2019 WL 6790682, at *1 (E.D. Cal. Dec. 12, 2019). Under FRAP 29, an amicus curiae brief may be filed only with leave of the court or if all parties consent. FRAP 29(a)(2). Moreover, the proposed brief must accompany the motion for leave. *Id*. at 29(a)(3). Typically, the third party that would submit the amicus brief files a motion for leave to do so. Courts have denied similar motions where a pro se plaintiff requests an amicus brief but there is no amici-party that has sought leave to amend and provided the proposed brief. *Plechner v. Haynes*, No. 3:24-CV-5187-TMC-DWC, 2024 WL 4871520, at *1 (W.D. Wash. Nov. 22, 2024).

The Ninth Circuit has held that district courts have broad discretion to appoint amici curiae. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see also Long v. Coast Resorts*, Inc., 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999) (emphasis omitted) ("There is no inherent right to file an amicus curiae brief with the Court. It is left entirely to the discretion of the Court."). Amicus briefs traditionally assist a court in cases of public interest as a supplement to the parties' arguments or to draw the court's attention to law that has escaped consideration. *California by & through Becerra v. United States Dep't of the Interior*, 381 F. Supp. 3d 1153, 1163–64 (N.D. Cal. 2019); *Alexander v. Hall*, 64 F.R.D. 152, 155 (D.S.C. 1974). They are also appropriate "when a party is

1    not represented competently or is not represented at all." *Ryan v. Commodity Futures Trading
2    Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997).

3         Ultimately, the court decides whether to accept an amicus brief where the brief is
4    considered timely and useful. *Long*, 49 F. Supp. 2d at 1178. Several courts in the Ninth Circuit
5    have found that filing a motion to submit an amicus brief without the attached brief leaves the
6    court unable to determine its proposed usefulness. *Vashisht-Rota v. Harrisburg Univ.*, No. 20-
7    CV-967 JLS-KSC, 2020 WL 12812014, at *2 (S.D. Cal. Aug. 6, 2020); *Plechner*, 2024 WL
8    4871520, at *1. Furthermore, courts have denied a motion to submit an amicus brief where a pro
9    se plaintiff's request comes after briefing on an issue has been completed. *Vashisht-Rota*, 2020
10    WL 12812014, at *2.

11    **B. Analysis**

12         Plaintiff brings this request for the Court to invite third parties to submit briefing, but the
13    third parties themselves have not submitted a motion for leave or filed a proposed brief. This
14    leaves the Court unable to determine how useful an amicus brief by these parties would be. *See*
15    *Vashisht-Rota*, 2020 WL 12812014, at *2; *Plechner*, 2024 WL 4871520, at *1. Moreover,
16    Plaintiff has not specified a purpose for the amicus brief, other than to weigh in on the
17    interpretation of employment discrimination laws. Furthermore, while employment
18    discrimination is generally a public policy issue, the Court is not persuaded that the narrow issues
19    considered here will have a larger policy impact. Without another valid purpose, such as
20    instructing the Court on law that may have escaped consideration, the proposed amicus briefs are
21    not useful. *See California by & through Becerra*, 381 F. Supp. 3d at 1163–64.

22         Lastly, this motion is untimely as the deadline to submit briefings on the pending motions
23    currently before the Court has passed and Plaintiff articulates no further reasons why these briefs
24    would assist the Court. *See Vashisht-Rota*, 2020 WL 12812014, at *2.

25         While the Court recognizes Plaintiff's assertion that he is not trained in employment
26    discrimination law and amicus briefs can supplement a party's own advocacy, *see Ryan*, 125 F.3d
27    at 1063, the Court finds that the motions do not contain enough information to find the proposed
28    briefs useful or timely. And although the Court may sua sponte request amicus briefing in its

1 discretion, *see*, *e.g.*, *Kaur v. Things Remembered, Inc.*, 829 F.3d 1117 (9th Cir. 2016), the Court, in exercising such discretion, declines to do so for the reasons articulated above.

### CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motions for the Court to Invite the EEOC, NLRB, and a Labor Union to File an Amicus Brief in Support of Plaintiff (ECF Nos. 39, 42, 53) are **DENIED**.

DATED: February 13, 2025

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE