UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IKE ELIAS,<br><br>                Plaintiff,<br>v.<br><br>WYNN LAS VEGAS, LLC, a Nevada Limited Liability Company,<br><br>                Defendant. | Case No. 2:23-cv-02111-ART-BNW<br><br>ORDER on Motion to Dismiss and Related Motions (ECF Nos. 43, 47, 56, 94, 99) |

Plaintiff Ike Elias brings this action against Defendant Wynn Las Vegas, LLC, alleging violations of his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, Title VII of the Civil Rights Act, and Nevada state law. Plaintiff alleges in his Second Amended Complaint (ECF No. 40) that Defendant violated several provisions of the ADA, discriminated against him for his race in violation of Title VII, wrongfully terminated him under Nevada state law, and defamed him under Nevada state law. Before the Court is Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 47), filed on December 30, 2024. Plaintiff submitted a response on January 10, 2025. (ECF No. 54.) Defendant filed a reply on January 17, 2025. (ECF No. 59.)

For the reasons identified below, the Court grants Defendant's motion to dismiss, with leave for Plaintiff to amend his complaint.

**I.    FACTS**

Mr. Elias' ("Plaintiff's") allegations in his Second Amended Complaint ("SAC") are as follows: Plaintiff sustained an injury from a vehicle accident. (ECF No. 40 at 2.) Plaintiff requested reasonable accommodations from Wynn Las Vegas, LLC ("Defendant"), in light of his accident. (*Id.*) Defendant did not engage

1

with Plaintiff regarding his request for accommodations. (*Id.* at 3.) Plaintiff was terminated shortly after, without notice, and was escorted out by security. (*Id.*) Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 7, 2022. (*Id.* at 5; ECF No. 47, Ex. 1.[1])

In his Charge, Plaintiff asserts that on or about August 15, 2021, he was hired by Wynn Las Vegas as a Security Officer for Encore, and on or about September 16, 2021, he suffered his injury. (ECF No. 47-1.) He claims he informed Defendant of his medical condition and requested time off for a reasonable accommodation. (*Id.*) Plaintiff alleges that Defendant failed to engage in an "interactive process." (*Id.*) He was placed on unpaid leave for three weeks until he provided medical clearance, and then was terminated on or about October 21, 2021. (*Id.*) Plaintiff claims that he was terminated based on his perceived disability. (*Id.*) Based on this Charge, Plaintiff received a Right to Sue Letter. (ECF No. 40 at 5; ECF No. 47-1.) In his SAC, Plaintiff alleges that his formal complaint with the EEOC also alleged wrongful termination and retaliation claims. (ECF No. 40 at 5.)

## II.  ANALYSIS/DISCUSSION

Defendant moved to dismiss Plaintiff's SAC on three main grounds: first, that Plaintiff's pleadings are deficient under Rule 8 and the standards for amended complaints, second, that Plaintiff failed to exhaust his administrative remedies for several of the causes of actions in the amended complaint, and third, that Plaintiff has failed to state a cognizable claim for defamation. (ECF No. 47.) The Court provides the relevant legal standards and then addresses each claim in turn.

---

[1] The Court agrees with Defendant that it can consider Plaintiff's Charge of Discrimination at the motion to dismiss stage based on *Molina v. Los Angeles Cty., Dep't of Mental Health*. 58 Fed.Appx. 311, 313 (9th Cir. 2003).

2

### a. LEGAL STANDARD

#### i. Dismissal Under Federal Rule of Procedure 12(b)(6)

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Under this standard, a district court must accept as true all well-pleaded factual allegations in the complaint and determine whether those factual allegations state a plausible claim for relief. *Id.* at 678-79.

Allegations by a pro se litigant like Plaintiff are held to a less stringent standard than a formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, pro se litigants must still follow the same rules of procedure as other litigants, including Rule 8. *Maxon v. Mosaic Sales Sols. Holding Co. LLC,* No. 2:14-cv-02116-APG-NJK, 2016 WL 973248 (citing *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987)). To that end, the Court cannot look to prior pleadings or filings when considering the completeness of an amended complaint. *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011); *see also* LR 15-1 (requiring that an amended complaint "must be complete in and of itself without reference to the superseding pleading").

The standard for granting leave to amend from a dismissal for failure to state a claim is generous, such that "a district court should grant leave to amend

even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995) (quoting *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.,* 911 F.2d 242, 247 (9th Cir.1990)).

### ii. Exhaustion of Administrative Remedies for ADA, Title VII, and Nevada State Employment Law

To bring a Title VII claim in district court, a plaintiff must first exhaust his administrative remedies. 42 U.S.C. § 2000e–5(e)(1); 42 U.S.C. §12117 (ADA and Title VII claims have the same relevant requirements); *see also Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976)). Any claims arising under Nevada employment anti-discrimination statutes must also be administratively exhausted before filing suit in district court. *Blandburg v. Advances Lighting and Elec., Inc.*, No. 2:19-cv-01519-RFB-BNW, 2020 WL 5803941 at *3 (D. Nev 2020). A work-sharing agreement between the EEOC and NERC allows for exhaustion of remedies with either agency. *Id.*

The person claiming to be aggrieved must file his charge with the EEOC "within 180 days of the alleged unlawful employment practice," or if the person claiming to be aggrieved "initially instituted proceedings with the state or local administrative agency, within 300 days of the alleged unlawful employment practice." *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008) (citing 42 U.S.C. § 2000e–5(e)(1)). If the charge is filed with the EEOC and the EEOC elects not to bring suit based on the filed charge, "the EEOC must 'notify the person aggrieved' that she can file suit" which "is accomplished through a right-to-sue-letter." *Id.* (citing and quoting 42 U.S.C. § 2000e–5(f)(1)). Following receipt of an EEOC right-to-sue-letter, the aggrieved person then has 90 days to file suit. *Id.*

Allegations of discrimination not included in a plaintiff's administrative

4

charge may not be considered by a court unless the new claims are like or reasonably related to the allegations in the original charge. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) (internal citations removed), *as amended* (Feb. 20, 2002), overruled on other grounds by *Fort Bend Cnty., Tex. v. Davis*, 587 U.S. 541 (2019). An allegation in a complaint is "like or reasonably related" to allegations in an administrative charge if the administrative investigation would have grown into examining the additional allegations. *Green v. Los Angeles Cnty. Superintendent of Sch.*, 883 F.2d 1472, 1476 (9th Cir. 1989). Civil claims that "are consistent with the plaintiff's original theory of the case" are like and reasonably related to the complaint. *B.K.B.*, 276 F.3d at 1100 (citing *E.E.O.C. v. Farmer Bros. Co.,* 31 F.3d 891, 899 (9th Cir. 1994)). This includes considering "such factors as the alleged basis of discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *Vasquez v. Cnty of L.A.*, 349 F.3d 634, 644 (9th Cir. 2003).

A district court will construe these charges with the "utmost liberality" in the plaintiff's favor. *Sanders v. Sodexo, Inc.*, No. 2:15-cv-00371-JAD-GWF, 2015 WL 4477697 (D. Nev 2015) (citing *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990)). If a claim is found to be unexhausted, and Plaintiff cannot possibly cure the deficiencies, it is proper for the court to dismiss those claims with prejudice. *Zeddies v. Clark Cnty. Sch. Dist.*, No. 2:20-cv-00477-GMN-NJK, 2021 WL 181172 at *5; *see also McKimmey v. Du-Par's Resorts, Inc.*, 2015 WL 3815510 at *2 (holding where plaintiff fails to exhaust administrative remedy, Title VII leave to amend is futile and can be dismissed with prejudice).

### iii. The SAC is Dismissed in Its Entirety as Procedurally Defective.

Defendant correctly asserts that Plaintiff's complaint fails to comply with Rule 8 and local rules. In analyzing a motion to dismiss, the Court will only

consider the facts alleged in the operative complaint, which must stand on its own.

The main problem with Plaintiff's SAC is that it refers to earlier factual allegations that are not included. This Court earlier dismissed Plaintiff's original complaint with leave to amend. (ECF No. 24.) Plaintiff subsequently filed an amended complaint and then sought leave to amend, which the Court granted. (ECF No. 36.) In his SAC, Plaintiff states that his filing is "a more structured breakdown of the claims and key legal arguments incorporated into [his] amended complaint." (ECF No. 40.). As stated, an amended complaint "must be complete in and of itself without reference to the superseding pleading." LR 15-1. Plaintiff's SAC violates this rule by referring to allegations from earlier complaints. Plaintiff also filed a "Declaration in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment" ("Declaration") which refers to facts in his original complaint that were not included in his SAC. (ECF No. 54.) Because the Court's analysis of the sufficiency of Plaintiff's claims is limited to what he alleged in his SAC, such other facts cannot be considered. (*Id.*)

With this in mind, Plaintiff's SAC lacks the factual foundations that the Court identified in previous filings and makes several conclusory statements of law.

Due to these errors, the Court dismisses the SAC in its entirety. Such a dismissal is generally without prejudice and with leave amend unless amendment would be futile. The Court addresses below with respect to each claim whether dismissal is with leave to amend.

**b. Claims Analysis**

Defendant argues that each of Plaintiff's claims is unexhausted, time-barred, and/or fails to state a claim. Having concluded that the SAC must be dismissed in its entirety, the Court addresses these issues for the purpose of determining which claim are dismissed with leave to amend.

1    Regarding exhaustion, the Court relies on Plaintiff's EEOC charge on
2 March 7, 2022, to determine whether the claims in Plaintiff's SAC are reasonably
3 related to his EEOC claims. Defendant argues that Plaintiff's EEOC charge failed
4 to allege claims of discrimination on the basis of race, a hostile work environment,
5 or retaliation and should therefore be dismissed as unexhausted. (ECF No. 47 at
6 9.)

### i. Racial Discrimination Under Title VII

8    In his SAC, Plaintiff alleges that he was treated differently from other
9 employees based on race. To state a claim for racial discrimination under Title
10 VII, the court applies the *McDonnell Douglas* burden shifting framework.
11 *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The plaintiff must show
12 that (1) he is a member of a protected class, (2) he was performing according to
13 his employer's expectations, (3) he suffered an adverse employment action, and
14 (4) other employees with similar qualifications similar to the plaintiff's were
15 treated more favorably. *Id.* at 802.

16    The Ninth Circuit has held that new claims of race discrimination under
17 Title VII do not generally relate-back to a properly exhausted ADA claim because
18 (1) they are not like or reasonably related to allegations of ADA discrimination
19 and would not fall within the scope of an investigation that reasonably could be
20 expected to grow out of an ADA violation and (2) they arise out of a distinct
21 statutory scheme. *Bower v. City and Cnty. of S.F.*, 490 Fed.Appx854, 856-857
22 (9th Cir. 2012) (citing *Pejic v. Hughes Helicopters, Inc.*, 840 F.2d 667, 675 (9th
23 Cir. 1988)).

24    Plaintiff has not stated sufficient facts to make this claim in his SAC. He
25 does not allege that he is a member of a protected class, that he was performing
26 according to his employer's expectations, or that employees with similar
27 qualifications were treated more favorably. In his comparison to other employees,
28 he mentions that other employees that were injured were not terminated but does

1  not compare other aspects of their status. (ECF No. 40 at 4.)

2  Additionally, Plaintiff's allegations for racial discrimination were not stated in his original EEOC charge. Plaintiff's allegations focus solely on his injury outside of the workplace, request for a reasonable accommodation, and belief that he was discriminated against for a perceived disability. (ECF No. 47-1.) He only lists "disability" in the section entitled "Discrimination Based On." (*Id.*) Because these claims are not reasonably related to his original allegations of disability discrimination and they arise out of a distinct statutory scheme, they do not relate-back to Plaintiff's EEOC charge. Therefore, Plaintiff's Title VII claim is dismissed with prejudice.

### ii.   Hostile Work Environment Under Title VII

Plaintiff alleges that he experienced verbal and physical harassment by trainers within the Special Operation Guard based on his race or disability. In order to state a claim for a hostile work environment under Title VII, plaintiff must prove that (1) he was subjected to verbal or physical conduct because of race or disability; (2) this conduct was unwelcome; and (3) this conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. *Surrell,* 518 F.3d at 1108. Courts will consider all the circumstances, including frequency of the allegedly discriminatory conduct, its severity, and whether it reasonably interferes with an employee's work performance. *Id.* (citing *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000)).

Plaintiff has not stated sufficient facts to make this claim in his SAC. In his Complaint, he writes, "there were signs of verbal or physical harassment or discriminatory treatment based on the plaintiff's race or disability before or after the accident via Mr. Keith." (ECF No. 40 at 4.) This statement fails to allege facts and is conclusory.

In his EEOC filing, Plaintiff only alleges that Defendant failed to provide

1  accommodations, failed to communicate reasoning behind its decision to place
2  him on leave, and terminated his employment. (ECF No. 47-1.) None of these
3  allegations would put the EEOC on notice in an investigation that Plaintiff
4  suffered under a hostile work environment. Therefore, Plaintiff has not exhausted
5  his administrative remedies under Title VII and this claim is dismissed with
6  prejudice.

### iii. Wrongful Termination Under Nevada State Law

Plaintiff alleges that his firing violates "state employment laws." (ECF 40 at 3.) Nevada employees are presumed to be at will, and an employer can discharge an employee with or without cause, provided the dismissal does not offend Nevada's public policy. *Sanders v. Sodexo, Inc.*, No. 2:15-cv-371-JAD-GWF, 2015 WL 4477697 at *3 (D. Nev 2015) (citing *State v. Eighth Judicial Dist. Court. Ex rel. Cnty of Clark*, 42 P.3d 233, 240 (Nev. 2002)). Public policy may be violated when an employee is terminated for (1) refusing to violate the law, (2) performing jury duty, (3) filing a workers' compensation claim or seeking industrial insurance, (4) refusing to work in unreasonable and dangerous conditions, and (5) whistle blowing. *Id.* The tort of wrongful termination is designed to fill the gap when no other statutory remedy has been provided and is otherwise not available to the plaintiff. *Id.* (citing *Osawa v. Vision Airlines, Inc.*, 215 P.3d 788, 791 (Nev. 2009)).

Plaintiff has failed to establish sufficient facts for wrongful termination under Nevada state law. Here other statutory remedies are or were available. Simply stating that his termination was without notice and with a security escort is not enough to conclude that public policy has been violated. Although he states that "evidence should show that the termination was tied to the plaintiff's disability," Plaintiff does not actually allege any facts that demonstrate a causal link between the two. (ECF No. 40 at 5.)

Because it is not clear that amendment of this claim is futile, the Court dismisses Plaintiff's claim for wrongful termination under Nevada state law

9

without prejudice and with leave to amend.

### iv.  Disability Discrimination Under the ADA

To set forth a disability discrimination claim, a plaintiff must first establish that: (1) he is disabled within the meaning of the ADA; (2) he is a qualified individual (i.e., able to perform the essential functions of the job with or without reasonable accommodation); and (3) he suffered an adverse employment action because of his disability. *Babiak v. Nev. ex rel. Dept. of Tax'n*, 554 F.Supp.2d 1187, 1191 (D. Nev. 2008); *see also Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 433 (9th Cir. 2018) (disability includes "being regarded as having" an impairment). Defendant argues that Plaintiff has failed to establish that he was a qualified individual. (ECF No. 47 at 13.)

The ADA, as amended by the ADA Amendments Act of 2008 (ADAAA), defines "disability" as: (A) a physical or mental impairment that substantially limits one or more major life activities; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C § 12102(1).

A "qualified individual," is an individual who: (1) satisfies the requisite skill, experience, education and other job-related requirements of the position; and (2) can perform the essential functions of the employment position with or without an accommodation. 42 U.S.C. § 12111(8).

The plaintiff must also show that the adverse action would not have occurred but for the disability. *Murray v. Mayo Clinic*, 934 F.3d 1101, 1107 (9th Cir. 2019). A plaintiff need not have direct evidence to establish "but for" causation, and causation may be inferred from timing alone where an employee is terminated shortly after his employer discovers that he is disabled. *See O'Brien v. R.C. Willey Home Furnishings*, 748 Fed. Appx. 721, 723 (9th Cir. 2018); *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1094 (9th Cir. 2008).

The Court agrees with Defendant that Plaintiff has failed to allege sufficient facts to demonstrate he is a qualified individual in his SAC. Plaintiff does not

1 identify the essential functions of his position or whether he was able to perform
2 them with or without accommodations in his complaint. He makes a conclusory
3 statement that his injury and resulting disability "must be the reason for the
4 termination" without describing other details that led him to that conclusion.
5 (ECF No. 40 at 3.) Plaintiff does allege more facts regarding his termination and
6 essential functions of his position in his Declaration, which the Court does not
7 consider in this Order. (ECF No. 54.)

8       Therefore, Plaintiff's claim for disability discrimination is dismissed without
9 prejudice and with leave to amend with a sufficient factual basis. The Court
10 discusses the particulars of each theory that Plaintiff raises below.

### 1. Failure to Provide Reasonable Accommodation

Failing to provide a reasonable accommodation is an act of discrimination under the ADA if the employee is a qualified individual, the employer receives adequate notice, and a reasonable accommodation is available. *Lezama v. Clark County*, 817 Fed.Appx. 341, 344-345 (9th Cir. 2020). "Once an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the ADA to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations." *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1137 (9th Cir. 2001). There is no stand-alone claim for failing to engage in the interactive process. *Salehian v. Nev. State Treasurer's Off.*, 618 F.Supp.3d 995, 1012 (D. Nev. 2022) (citing *Snapp v. United Transp. Union*, 889 F.3d 1088, 1095 (9th Cir. 2018)). Further, there is no duty to accommodate an employee who makes a claim based on perceived disability. *Kaplan v. City of North Las Vegas*, 323 F.3d 1226, 1232-33 (9th Cir. 2003). Defendant argues that in addition to insufficient pleading on the issue of being a qualified individual, Plaintiff also failed to allege that he requested an accommodation or that the Defendant knew of his requested accommodation. (ECF No. 47 at 14.)

As stated above, Plaintiff has not sufficiently alleged the first or second elements of his prima facie case: that he is disabled and that he is a qualified individual under the ADA's definition. As discussed in this Court's previous Order (ECF No. 24), and critical to his claim of failure to accommodate, Plaintiff has still not made clear in his SAC whether he is pursuing his ADA claim on a theory of actual or perceived disability. This determination will affect whether the claim on failure to provide accommodations is available, because accommodation is only required for individuals with an actual disability.

If Plaintiff claims that he was discriminated against based on an actual disability, he has exhausted this remedy in his EEOC charge. In the charge, Plaintiff says that he "informed [Defendant] regarding my condition and need of time off for a reasonable accommodation" and that "[Defendant] failed to engage in the interactive process." (ECF No. 47-1.)

Plaintiff alleges in his SAC that Defendant failed to provide reasonable accommodations that he may have requested, such as modified hours, lighter duties, or temporary reassignment. (ECF No. 40 at 2.) Requesting a leave of absence for medical treatment may be a reasonable accommodation under the ADA. *LeBarron v. Interstate Grp., LLC*, 529 F.Supp.3d 1163, 1172 (D. Nev. 2021). He also claims that Defendant "failed to discuss these accommodations or provide any meaningful adjustments." *Id.* Plaintiff did not state the accommodations that he requested or Defendant's response with a sufficient factual basis. Because his claim of failure to accommodate an actual disability is not futile under Plaintiff's EEOC charge, it is dismissed without prejudice and with leave to amend.

### 2. Wrongful Termination

A plaintiff is wrongfully terminated under the ADA if, in addition to demonstrating that he is a qualified individual, he proves that the employer terminated him because of his disability. *Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 433 (9th Cir. 2018). Defendant does not raise an argument related to

wrongful termination in its motion.

In his SAC, Plaintiff writes that Defendant "terminated the plaintiff based on his need for medical leave, accommodations, or disability." (ECF No. 40 at 2.) He alleges that the lack of "formal termination documentation and the use of security personnel to escort the plaintiff out of the workplace suggests" an unlawful termination process. The first allegation is a conclusory statement that does not satisfy the *Twombly* standard. The second allegation is insufficient to state a claim for wrongful termination under the ADA.

In his EEOC charge, Plaintiff alleges that he told Defendant about his injury, was placed on unpaid leave, and terminated when he returned "with no explanation." (ECF No. 47-1.) He concludes that he believes he was discriminated against for his perceived disability. *Id.* Accordingly, it would not be futile for Plaintiff to amend this claim because his EEOC charge, construed with the "utmost liberality," alleged a complaint for wrongful termination under the ADA.

Plaintiff's wrongful termination claim will therefore be dismissed without prejudice and with leave to amend.

### 3. Retaliation

Plaintiff alleges that he was retaliated against for reporting his injury and requesting accommodations. To state a claim for retaliation under the ADA, a plaintiff must show that "(1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004) (citing *Brown v. City of Tucson*, 335 F.3d 1181, 1186 (9th Cir. 2003)); *see also Campos v. Town of Pahrump*, 274 F.Supp.3d 1106, 1115 (D. Nev. 2017).

In his SAC, Plaintiff alleges that the act of being walked out of his workplace by security "may suggest" that Defendant "was attempting to intimidate or retaliate against the plaintiff for reporting his injury or requesting

accommodations." (ECF No. 40 at 4.) He also alleges that "the immediate termination after the plaintiff reported the injury or reported accommodations must be viewed as an act of retaliation under the ADA and state employment laws." (*Id.*) Because his claims of retaliation are conclusory, Plaintiff has stated insufficient facts to make this claim in his SAC.

In his EEOC charge, Plaintiff describes informing Defendant of his injury, requesting an accommodation, and then subsequently being terminated without explanation within a matter of weeks. While Defendant cites several cases that show that Plaintiff did not check a box that said "retaliation," there is not an indication that there was a similar option on Plaintiff's form. (*See* ECF Nos. 47 at 12, 47-1.) The facts provided establish the basic elements of a retaliation claim: Plaintiff engaged in a protected activity by requesting accommodations, he suffered an adverse employment action in his termination, and he claims he was discriminated against for his perceived disability. These are all reasonably related to Plaintiff's original charge of discrimination. The Court finds that Plaintiff has sufficiently exhausted his claim for retaliation under the ADA and Nevada state employment law, and therefore it would not be futile for Plaintiff to amend this claim.

Plaintiff's retaliation claim will be therefore dismissed without prejudice and with leave to amend.

**v.    Defamation Under Nevada State Law**

Plaintiff's defamation claim alleges that he was escorted out of his workplace by security, without other termination procedures or a private conversation, and claims that this was a form of public humiliation intended to intimidate. (ECF No. 40 at 5.) Defendant argues that escorting the Plaintiff off the premises was not defamatory and that Plaintiff's claim is untimely. (ECF No. 47 at 16).

To establish a prima facie case of defamation, a plaintiff must prove: (1) the

1  defendant made a false and defamatory statement about the plaintiff; (2) "an
2  unprivileged publication to a third person;" (3) "fault, amounting to at least
3  negligence;" and (4) "actual or presumed damages." *Rosen v. Tarkanian*, 135 Nev.
4  436, 442 (Nev. 2019). "Words or conduct or the combination of words and
5  conduct can communicate defamation." *K–Mart Corp. v. Wash.*, 866 P.2d 274,
6  282–83 (Nev. 1993) (store security officer walking the plaintiff through the store
7  in handcuffs constituted slander per se because that conduct suggested that the
8  plaintiff was a shoplifter), overruled in part on other grounds by *Pope v. Motel 6*,
9  114 P.3d 277 (Nev. 2005); see also *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128,
10 1148 (9th Cir. 2012) (applying Nevada law and holding questions of fact remained
11 regarding whether casino security officer defamed the plaintiff by handcuffing
12 and removing her from the casino in view of other patrons); *McCall v. Las Vegas
13 Metro Police Dept.*, No. 2:18-cv-01319-APG-EJY, 2020 WL 14333579 at *19
14 (applying Nevada law and holding that a reasonable jury could find officers
15 defamed patron by holding him in handcuffs while patrons observed him).

16    The statute of limitations for defamation in Nevada is two years. NRS
17 11.190(4)(c). Filing a charge with the EEOC does not toll the statute of limitations
18 on state tort law claims. *Fox v. Sysco Corp.*, No. 2:11-cv-00424-RLH-PAL, 2011
19 WL 5838179 at *4 (citing *Arnold v. United States*, 816 F.2d 1306, 1313 (9th Cir.
20 1987)) (holding that the statute of limitations for plaintiff's claims for tortious
21 discharge, intentional infliction of emotional distress, and negligent hiring,
22 retention, and supervision was not tolled by his EEOC charge).

23    Because the Court agrees that Plaintiff's claim for defamation is time-
24 barred, it does not address the sufficiency of the allegations. Plaintiff alleges that
25 he was terminated on October 21, 2021, at which time he was escorted off
26 Defendant's premises. (ECF Nos. 40 at 4, 47-1). Plaintiff was required to bring
27 his defamation claim within two years of that incident. Plaintiff filed this suit on
28 December 21, 2023, after the two-year statute of limitations had elapsed. (ECF

No. 1.) Title VII does not toll claims that exist outside of its statutory scheme, even based on the same facts. *See Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 465-466 (1975). Therefore, this Court finds that this claim is time-barred and dismisses it with prejudice.

### c. Motion in Limine

Plaintiff filed a motion in limine to exclude evidence regarding his past legal disputes and employment history. (ECF No. 43.) In its Opposition, Defendant notes that the timing of the Plaintiff's motion is premature, because discovery is still ongoing and trial has not been scheduled. (ECF No. 49.) The Court agrees with Defendant that Plaintiff's motion in limine is premature. Accordingly, the Court denies the motion without prejudice.

### d. Motion for Class Certification

Plaintiff filed a motion for class certification. (ECF No. 56.) Before certifying a class under Federal Rule of Civil Procedure 23, a district court must determine if the proposed class is (1) so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defense of the class; (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). The burden is on the plaintiff to "prove the facts necessary" to establish all four prerequisites "by a preponderance of the evidence." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 665 (9th Cir. 2022). Finally, pro se litigants have the right to plead and conduct their own cases personally, which only extends to representing themselves. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases). Plaintiff, therefore, may not act as an attorney or in any other representative capacity for anyone else by litigating on behalf of a class, so his motion must be denied. Because the Court resolves Plaintiff's motion on this

threshold matter, it does not analyze the merits of class certification under FRCP 23.

### III.   CONCLUSION

For the reasons stated, the Court dismisses Plaintiff's Second Amended Complaint in its entirety for failure to sufficiently allege any viable claims. Because Plaintiff failed to exhaust his claims for racial discrimination and hostile work environment under Title VII, amendment of those claims would be futile and they are dismissed with prejudice. Plaintiff's defamation claim is dismissed with prejudice because it is time-barred. Plaintiff will have until October 18, 2025, to file an amended complaint.

It is therefore ordered that Defendant's Motion to Dismiss (ECF No. 47) is GRANTED.

It is also ordered that Plaintiff's claims for racial discrimination and hostile work environment under Title VII and defamation under Nevada state law are DISMISSED WITH PREJUDICE and without leave to amend.

It is also ordered that Plaintiff's ADA claims for failure to accommodate, retaliation, and wrongful termination, and his Nevada claim for wrongful termination and retaliation are DISMISSED WITHOUT PREJUDICE and with leave to amend.

It is also ordered that Plaintiff's Motion in Limine (ECF No. 43) is DENIED without prejudice.

It is also ordered that Plaintiff's Motion for Class Certification (ECF No. 56) is DENIED.

It is also ordered that Defendant's Motion for Summary Judgment (ECF No. 94) is DENIED as moot.

It is also ordered that Defendant's Motion to Extend Time (ECF No. 99) is GRANTED.

//

Dated this 18th day of September 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE