**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Ike Elias,

Plaintiff,

v.

Wynn Las Vegas, LLC, et al.

Defendants.

Case No. 2:23-cv-02111-ART-BNW

**ORDER**

Before this Court is Plaintiff's Motion to Reopen Discovery. ECF No. 133. Defendant responded at ECF No. 141, and Plaintiff replied at ECF No. 147. In addition, Plaintiff filed a motion to extend the time to respond to Defendant's motion for summary judgment. ECF No. 157. No response is needed for the court to decide that motion.

For the reasons discussed below, this Court grants Plaintiff's motions at ECF Nos.141 and 157.

## I.      Legal Standard

"The decision to modify a scheduling order is within the broad discretion of the district court." *FMC Corp. v. Vendo Co.,* 196 F. Supp. 2d 1023, 1030 (E.D. Cal. 2002). Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a case "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, when a party seeks to modify the scheduling order, including the reopening of discovery, that party must first show "good cause." *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). In *Johnson*, the Ninth Circuit explained that

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus

of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

975 F.2d at 609 (internal quotation marks and citations omitted); *see also* 6A Wright & Miller, et al., Fed. Prac. & Proc. § 1522.2 (3d ed. 2018) ("What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case.").

District courts in the Ninth Circuit consider the following six factors when ruling on a motion to modify a scheduling order to reopen discovery: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *United States ex rel. Schumer v. Hughes Aircraft*, 63 F.3d 1512, 1526 (9th Cir. 1995), vac'd on other grounds, 520 U.S. 939 (1997)).

In addition, the Local Rules require that Plaintiff (1) meet and confer before filing discovery motions and (2) that motions such as this one contain specific information. LR 26-6(c) and 26-3.

**<u>Analysis</u>**

This Court first notes that Plaintiff has not met and conferred with opposing counsel in violation of LR 26-6(c). In addition, his motion does not comply with LR 26-2. Nevertheless, given the limited relief sought, the interest in moving the case along, and other matters discussed in more detail below, this Court will hear the motion on the merits.  LR IA 1-4.

Discovery closed on April 7, 2025. ECF No. 36. This Court later allowed the parties until June 6, 2025, to file any motion related to discovery. ECF No. 76. This Court agrees that Plaintiff could have sought the discovery in question earlier, but this court's December 1, 2025, order specifically allowed the parties to move to reopen discovery. ECF No. 129. And Plaintiff relied

on that order and moved to re-open discovery shortly thereafter. Considering that order and the limited extent of Plaintiff's request, Plaintiff has sufficiently (albeit barely) shown both good cause and excusable neglect.

Moreover, trial is not imminent. Indeed, there is a pending motion for summary judgment. In addition, Defendant will not be prejudiced by this request as it is limited to two the request of two documents and will have time to address the relevance of those documents in its reply in support of summary judgment. And given Plaintiff's representations, it is not foreseeable that there will be a need for additional discovery. While this Court agrees that Plaintiff could have been more diligent, Plaintiff relied on an express order by this court allowing him to seek the relief he is currently requesting. Having said that, this Court understands the frustration expressed by Defendant in its opposition, including its belief that these documents will not be relevant.

At bottom, and in attempt to fully comply with Rule 1 and the preference to hear cases on the merits, this Court will grant Plaintiff's motion.

In an attempt to avoid further delay, Plaintiff shall request the sought discovery identified in his motion no later than February 6, 2026. Defendant shall have 30 days from the day discovery is propounded to either comply with the requests or object. Should Defendant object, Plaintiff will have until March 13, 2026, to file a motion to compel.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motions to re-open discovery (ECF No. 133 is GRANTED. Discovery is re-opened only for the limited purpose of obtaining the two documents identified by Plaintiff.

IT IS FURTHER ORDERED that Plaintiff shall request the sought discovery identified in his motion no later than February 6, 2026.

IT IS FURTHER ORDERED that Defendant shall have 30 days from the day discovery is propounded to either serve on Plaintiff the discovery requested or object.

IT IS FURTHER ORDERED that, should Defendant object to Plaintiff's requests, Plaintiff will have until March 13, 2026, to file a motion to compel.

Case 2:23-cv-02111-ART-BNW   Document 163   Filed 01/28/26   Page 4 of 4

IT IS FURTHER ORDERED that the hearing set for January 29, 2026, is VACATED.

IT IS FURTHER ORDERED that Plaintiff's request to extend the deadline to respond to Defendant's motion for summary judgment (ECF No. 157) is GRANTED. Plaintiff will have until March 13, 2026, to respond to Defendant's motion for summary judgment. Should Plaintiff file a motion to compel the discovery discussed in this order, this Court is inclined to extend the deadline to respond to Defendant's motion for summary judgment, **but Plaintiff must request the extension**.

DATED: January 28, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

Page 4 of 4