**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Ike Elias,

                    Plaintiffs,

        v.

Wynn Las Vegas LLC,

                    Defendant.

Case No. 2:23-cv-02111-ART-BNW

**ORDER**

Before this Court is Plaintiffs' motion to withdraw admissions. ECF No. 153. Defendant opposed and Plaintiff replied. ECF Nos. 159, 160.

**I.        Procedural and Factual Background**

The operative complaint in this case asserts four causes of action: (1) failure to accommodate under the ADA; (2) retaliation under the ADA; (3) wrongful termination under the ADA; and (4) wrongful termination and retaliation under Nevada common law. ECF No. 106.

Defendants propounded Requests for Admissions and served them on Plaintiff on March 7, 2025. ECF No. 72-1, pp. 16-24. Although Plaintiff's responses were due on April 7, 2025, he did not respond until May 8, 2025. ECF No. 148-15. At issue is Request for Admission No. 34 which states: "Admit that, during your employment with Defendant, you did not tell Defendant that you had a disability." When Plaintiff finally responded, he stated:

> Plaintiff agrees with the assertion that, during Plaintiff's employment with Defendant, Plaintiff did not have a disability as defined by the Americans with Disabilities Act (ADA), 42 U.S.C. § 12102(1).
>
> However, Plaintiff clarifies that while Plaintiff may not have had a long-term or permanent disability, Plaintiff's condition, which resulted from the motor vehicle accident on September 11, 2021, did cause significant impairments in major life activities such as walking, lifting, concentrating, and working. These limitations, whether short-term or long-term, are considered disabilities under the ADA.
>
> Furthermore, even if Plaintiff's condition did not rise to the level of a long-term disability, Plaintiffs injury and its limitations qualify as a disability under the ADA's "regarded as" provision. As established in *Murphy v. United Parcel Service, Inc.*, 527 U.S. 516, 521

(1999), the ADA protects individuals who are perceived by their employer as having a disability, regardless of whether the impairment is long-term or permanent.

Plaintiff asserts that Defendant's response to Plaintiff's medical condition—including reassignment, failure to engage in the interactive process, and failure to provide reasonable accommodations— suggests that Defendant regarded Plaintiff as having a disability. Such actions support the claim that Plaintiff was "regarded as" having a disability during the course of employment.

Therefore, while Plaintiff agrees with the assertion that the condition may not meet the definition of a long-term disability under the ADA, Plaintiff maintains that the condition nevertheless qualifies as a disability under the ADA's "regarded as" provision.

ECF No. 148-15 p. 3.

The parties are familiar with the arguments. As a result, this Court only incorporates them as relevant to its order.

## II.     Legal Standard

Federal Rule of Civil Procedure 36 provides that matters addressed in requests for admission are admitted and "conclusively established" unless the responding party serves an answer or objection within 30 days or "the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(a)(3), (b).  A party may be permitted to withdraw its admissions if (1) withdrawal "would promote the presentation of the merits of the action" and (2) "the party who obtained the admission fails to satisfy the court that withdrawal... will prejudice that party in maintaining or defending the action on the merits." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007). The district court must consider these two prongs—presentation of the merits and prejudice—and should do so in view of the two goals that the rule serves: truth-seeking and efficiency. *Id*.

The merits prong is satisfied if "upholding the admissions would practically eliminate any presentation of the merits of the case." *Id*. (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). The party seeking withdrawal of its admissions bears the burden of satisfying the first prong of the test. *See, e.g., McCurry v. Bank of Am., N.A.*, No. 2:16-cv-00191-RFB-PAL, 2017 WL 2259979, at *6 (D. Nev. May 23, 2017). While not necessarily case-dispositive, district courts have found a sufficient showing is made when admissions go to core issues that would in

large part resolve the case. *See Del Mar Land Partners, LLC v. Stanley Consultants, Inc.*, No. CV-11-08013-PCT-PGR, 2012 WL 5392230, at *2 (D. Ariz. Nov. 5, 2012).

A party opposing withdrawal may show prejudice by demonstrating "the unavailability of key witnesses" or "the sudden need to obtain evidence with respect to questions previously admitted." *Conlon*, 474 F.3d at 621. The fact that "the party who obtained the admission will now have to convince the factfinder of its truth" does not suffice. *Id*. (cleaned up). Reliance on admissions in preparing for summary judgment also does not constitute prejudice. *Id*. at 624. Rather, the focus is on the prejudice that the "party would suffer at trial[,]" and prejudice is more likely when the motion to withdraw comes during trial or when a trial is imminent. *Hadley*, 45 F.3d at 1348.

Even if both prongs are satisfied, whether to permit withdrawal is "permissive, not mandatory" and rests within a district court's discretion. *Conlon*, 474 F.3d at 621. In exercising that discretion, the court "may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." *Id*.

### III.   Analysis

Applying the *Conlon* test, this Court finds that the failure to timely respond by April 7, 2025, should not result in a deemed admission to Request for Production No. 34. That is because upholding the admission would indeed eliminate much of Plaintiff's claims and no prejudice (as interpreted in the above cases) would result. In that sense, Plaintiff's request is granted.

But a different analysis applies to the request to withdraw/amend the response Plaintiff provided on May 8, 2025. The withdrawal/amendment of that response would not promote the presentation of the merits of the action. To the contrary, Plaintiff' response is deliberate and well-thought-out. In that vein, his response aids in the resolution of the case on the merits. And Plaintiff has not advanced any arguments for the need to withdraw or amend his May 8, 2025, response. Given Plaintiff's inability to prevail on the first prong, this Court need not analyze the issue of prejudice.

In sum, permitting Plaintiff to withdraw or amend a deliberate, considered admission merely because he later recognizes its adverse impact does not advance the underlying purposes of Rule 36. Accordingly, even assuming Plaintiff could satisfy the first prong and Defendant could not meet the second, this Court would nevertheless exercise its discretion to deny the request.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion (ECF No. 153) is GRANTED. in part and DENIED in part. Plaintiff's May 8, 2025, admissions may not be amended or withdrawn.

DATED this 18th day of March 2026.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE